United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOSE ANTONIO RODRIGUEZ,

    Plaintiff,

vs.

CORRECTIONAL TRAINING FACILITY SOLEDAD,

    Defendant.

                                  /

No. C 12-5228 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a former state prisoner at the Correctional Training Facility Soledad, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.

**DISCUSSION**

**A.   Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual

allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he was released from prison but has not received all of his property and states that it has been stolen.  Plaintiff identifies no specific individuals and the only named defendant is the prison itself.

However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986).  California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir.

1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

The complaint is dismissed with leave to amend.  Plaintiff must also identify the specific defendants responsible to state a claim under 42 U.S.C. § 1983.  Plaintiff will also be provided an application for a non-prisoner to proceed in forma pauperis.  Failure to file an amended complaint or provide a completed application to proceed in forma pauperis will result in the dismissal of these claims.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, within twenty-eight days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. An application to proceed in forma pauperis will be provided to plaintiff and must be completed and returned to the court within twenty-eight days from the date of this order.

3. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  November 16, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Rodriguez5228.dwlta.wpd

3